**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:14-CR-105 |
| | § | |
| GABRIELLE LASHONN MOORE (5), | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Gabrielle Lashonn Moore's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 30, 2020, to determine whether Defendant violated her supervised release. Defendant was represented by a representative of the Federal Public Defender's Office, Brian O'Shea. The Government was represented by Colleen Bloss.

Defendant was sentenced on April 5, 2016, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess or Sell Stolen Firearms, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of I, was 18 to 24 months. Defendant was subsequently sentenced to 36 months probation subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; and a $100 special assessment. On April 5, 2016, Defendant began service of the supervision term. Defendant had her term of probation revoked on June 20, 2017, before the Honorable Amos L. Mazzant, III of the Eastern District of Texas after she was found in

violation of her supervised release conditions by (1) submitting urine specimens on November 7, 2016, and December 5, 2016, that tested positive for cocaine; (2) failing to submit monthly supervision reports from May 2016 to November 2016; failing to report to the U.S. Probation Office as directed on August 15 and/or August 16, 2016; and failing to notify the U.S. Probation Office of her change in residence and employment. Defendant was subsequently sentenced to a term of 6 months imprisonment followed by a 30-month term of supervised release. On November 22, 2017, she completed her period of imprisonment and began her term of supervised release in the Eastern District of Texas, Plano Division.

On July 30, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 257, Sealed]. The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (3) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; and (4) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours [Dkt. 257 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) "On July 5, 2019, the defendant was arrested by the Lewisville Police Department and charged with Possession of a Controlled Substance in Penalty Group 1 Less than 1 Gram (State Jail Felony) under state penal code 481.115(b) and Failure to Identify Fugitive Intent to Give False Information (Class A Misdemeanor) under state penal code 38.02(d)(2); (2) "The defendant failed to submit a monthly supervision report for the months of April and June 2019.  The defendant failed to report to the U.S. Probation Office on May 10, 2019, as instructed"; (3) "The defendant failed to notify the U.S. Probation Officer within 72 hours of her change in employment with Specs which ended on May 4, 2019"; and (4) "The defendant failed to notify the U.S. Probation Office of her contact with the Dallas Police Department on January 23, 2019, and on January 31, 2019, in which she was listed as a witness and reporting person on separate offense reports" [Dkt. 257 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations in the Petition.  Having considered the Petition and the plea of true to allegations 1, 2, 3, and 4, the Court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, such term of imprisonment to run consecutive to any sentence imposed in Defendant's state case(s), with a term of supervised release of twelve (12) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring efforts to obtain and maintain lawful employment; and (2) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility at FCI Fort Worth, if appropriate.

**SIGNED this 30th day of December, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE